# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: Nortel Networks UK Limited, et al. | Bankruptcy Case No. 09-11972 (KG) |
| Debtors. | |
| JOINT ADMINISTRATORS AND FOREIGN REPRESENTATIVES FOR THE FOREIGN DEBTOR, | |
| Appellant, | |
| v. | C. A. No. 15-879-GMS |
| SNMP RESEARCH INTERNATIONAL, INC., SNMP RESEARCH, INC., | |
| Appellees. | |

## **RECOMMENDATION**

At Wilmington this **19th** day of **October, 2015**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel, to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

This is an appeal from a memorandum opinion and order issued from the Bankruptcy Court on September 15, 2015, that resulted from a motion by the Joint

Administrators for Nortel Networks UK Limited and affiliates (collectively the "EMEA Debtors") from being added as a third party to litigation pending before the Bankruptcy Court. The EMEA Debtors moved to (1) enforce the automatic stay to efforts by Nortel Networks, Inc. and affiliates (the "U.S. Debtors") to implead the EMEA Debtors as third-party defendants in an adversary proceeding, instituted by SNMP Research against other parties (U.S. Debtors, Canadian Debtors and others) ("Adversary Proceeding")[1] and (2) enjoin the U.S. Debtors and SNMP Research from prosecuting any direct or contribution claims in any court other than the English Court where the EMEA administration is pending.

On July 7, 2015, the U.S. Debtors filed a motion for leave to implead the EMEA Debtors as third-party defendants for contribution in the Adversary Proceeding. On July 31, 2015, SNMP Research filed an objection to this motion. Thereafter, on August 10, 2015, the Joint Administrators filed a motion in the EMEA Debtors' chapter 15 proceedings to stay or enjoin the prosecution of SNMP Research's claims or the U.S. Debtors contribution claim in the Adversary Proceeding, to which the U.S. Debtors and Official Committee of Unsecured Creditors objected.[2] As a result of a hearing on

---

[1] SNMP Research's initial complaint asserted claims against the U.S. Debtors and Canadian Debtors, along with certain Business Sale purchasers for copyright infringement, violations of Delaware trade secret law, breach of contract and other causes of action. SNMP Research, through a second amended complaint filed March 24, 2015, dismissed its adversary claims against the Canadian Debtors, leaving the U.S. Debtors and Avaya as the only defendants in the Adversary Proceeding alleging claims against each of copyright infringement, Delaware trade secret law and breach of contract. SNMP Research continued its claims against the Canadian Debtors before the Canadian Court.

[2] SNMP Research filed a limited response to the stay motion.

September 8, 2015, the Bankruptcy Court, in the opinion and order which are the subject of this appeal, enjoined the U.S. Debtors and SNMP Research "from pursuing pre-Petition claims against the EMEA Debtors other than before the English Court," but otherwise denied the relief requested in the motion to stay.

Because of the issues on appeal, the current stage of the litigation and the concerns expressed by the parties regarding mediation, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court. Through this Recommendation, the parties are advised of their right to object to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1. In light of the concerns expressed by the parties, no objection to removal from mandatory mediation is expected.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
UNITED STATES MAGISTRATE JUDGE